Seryozha Migranovich MIRZOYAN;
Mari Karapetovna Mirzoyan,
Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–74690.
BIA Nos. A74–751–086, A74–751–087.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2004.*

Decided Jan. 20, 2005.

* This panel unanimously finds this case suitable for decision without oral argument.  See   Fed. R.App. P. 34(a)(2).

Seryozha Migranovich Mirzoyan, Van Nuys, CA, pro se.

J. Arthur Bernal, Law Office of Arthur Bernal, Pasadena, CA, Mari Karapetovna Mirzoya, Van Nuys, CA, for Petitioners.

Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer A. Parker, Stacy S. Paddack, Anthony W. Norwood, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

### MEMORANDUM**

Seryozha Migranovich Mirzoyan and his wife Mari Karapetovna Mirzoyan, natives and citizens of Armenia, petition for review of the dismissal by the Board of Immigration Appeals (BIA) of their appeal from the decision of the Immigration Judge denying their applications for asylum, withholding of deportation, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's determination unless the evidence compels a contrary result. *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We deny the petition.

Mr. Mirzoyan testified that he was beaten two times by members of the government militia on account of his affiliation with the Jehovah's Witness religion. The BIA found that this mistreatment was insufficient to establish past persecution. The record does not compel a contrary finding. *See Prasad v. INS*, 47 F.3d 336, 338 (9th Cir.1995). Mr. Mirzoyan also testified that he was threatened because of his religious beliefs. The BIA found that the harassment was insufficient to establish past persecution. The record does not compel a contrary finding. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). Substantial evidence also supports the BIA's conclusion that petitioners do not have a well-founded fear of persecution in Armenia.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 960–61 (9th Cir.1996). Petitioners have also failed to meet the standard for CAT relief. *See* 9 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.